# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PENTECOSTAL CHURCH OF GOD, a
California entity, d/b/a GREAT LIFE CHURCH
and Pastor LARRY SPIVEY,                            Case No.        3:16-cv-00400-LRH-WGC

        Petitioners,

  vs.

DOUGLAS COUNTY AND ITS BOARD OF
COUNTY COMMISSIONERS,

        Respondents.
_____/

## JOINT CASE MANAGEMENT REPORT
## LR 16-2

    Pursuant to FRCP 16, LR 16-2 and the Court's Case Management Order dated September 14, 2016, Petitioners, Pentecostal Church of God, a California entity, d/b/a Great Life Church and Pastor Larry Spivey ("Petitioners"), by and through undersigned counsel, Rick Oshinski, Esq. and Oshinski & Forsberg, Ltd., and Respondents Douglas County and its Board of County Commissioners ("Respondents"), by and through undersigned counsel, Charles L. Burcham, Esq. and Thorndal, Armstrong, Delk, Balkenbush & Eisinger, hereby submit the following Joint Case Management Report.

    1.    <u>Nature of the Action</u>. Petitioners initiated this action in state court as a Petition for Judicial Review of the Douglas County Planning Commission's denial of Petitioners' application for a special use permit to allow the construction and operation of a church on property located in Douglas

1

County and owned by Petitioner (the "Petition"). The Petition claimed that by denying the special use permit application, Respondents interfered with Petitioners' right to substantive and procedural due process and equal protection under the law as guaranteed by the Nevada and United States Constitutions and that Petitioner is entitled to redress pursuant to 42 U.S.C. § 1983. The petition for judicial review was then removed to this Court. Petitioners then filed its First Amended Complaint which added a claim that Respondents violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc. Petitioners also seek an award of damages and attorneys' fees pursuant to 42 U.S.C. § 1988.

Respondents filed an Answer to First Amended Complaint denying the material allegations of the Petition and have raised several affirmative defenses including (1) failure to state a claim upon which relief can be granted: (2) statutory immunity (due care in execution of statutes and regulations); (3) statutory immunity (performance of discretionary functions); (4) qualified immunity; and (5) absolute immunity.

    2.    <u>Factual and Legal Disputes</u>.

The parties believe that there are no factual disputes concerning the most crucial issues in the case. This is a review of an administrative decision and the Administrative Record and Supplement to Administrative Record contain a record of the proceedings before the county planning commission and the Board of County Commissioners. The parties expect that the Court's order on review of the Administrative Record will resolve most if not all of the issues in the case.

From Petitioner's perspective, the legal issues which are likely to be raised during review of the Administrative Record include the following:

    A.    Was the Respondent's treatment of the Petitioners' application an individualized assessment as contemplated by the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. 2000cc (The "Act")?

    B.    Did the Respondents impose a substantial burden upon the Petitioners' religious exercise under the Act by denying the application for special use permit?

    C.    Was the action of the Respondents in denying the Petitioners a special use permit to construct a modest church building the least restrictive means of furthering a compelling government interest?

D. Did the Respondents demonstrate that no alternatives to outright denial of the special use permit could protect the Respondents' interests relative to traffic generated by the proposed project?

E. Did the Respondents act in an arbitrary or capricious manner in denying the special use permit as contemplated by N.R.S. 278.0233(1)(a)?

F. Did the Respondents act unlawfully or in a manner which exceeds their lawful authority as contemplated by N.R.S. 278.0233(1)(a)?

G. Were the opinions of neighboring property owners that the project would cause an unacceptable increase in traffic sufficient evidence upon which to base denial of the application where a traffic study indicated that traffic generated by the proposed church will have little impact on the adjacent street network?

H. Did Respondents violate Petitioners' right to due process and equal protection of the laws by complete denial of the special use permit in light of the available evidence?

From Respondents perspective, the legal issue in the case is whether substantial evidence supports the administrative decisions under review. Substantial evidence is evidence which a reasonable mind could accept as sufficient to support a decision.

3. <u>Jurisdiction</u>. This Court has original jurisdiction over the subject matter of this action under the provisions of 28 U.S.C. 1331 in that it is an action arising under the due process and equal protection clauses of the United States Constitution. Petitioners also seek redress pursuant to the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, and seek an award of damages and attorneys' fees pursuant to 42 U.S.C. § 1988. The Supreme Court has held that a case containing claims that local administrative action violates federal law, and also containing state law claims for on-the-record review of the administrative findings can be removed to district court and the Court is authorized, in its discretion, to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 158, 118 S. Ct. 523, 9 L.Ed.2d 525 (1997).

4. <u>Named Parties</u>. All named parties have been served in this action and have appeared.

5.    <u>Additional Parties</u>.  The parties below do not expect to add any additional parties or amend the pleadings at this time.

6.    <u>Pending Motions</u>.  There are no pending motions that may affect the parties' ability to comply with a case management order.  Note, however, that pursuant to the Discovery Plan and Scheduling Order entered by the Court on September 13, 2016, The Petitioners' opening brief for review of the administrative record is currently due to be filed on November 3, 2016.  Any opposition is due December 16, 2016, ; and any reply brief is due December 30, 2016 .
t

7.    <u>Contemplated Motions</u>.  The parties do not contemplate any motions at this time.  Briefs regarding review of the administrative record will be filed in accordance with the schedule in paragraph 6 hereof.

8.    <u>Related Cases</u>.  The parties are not aware of any related cases pending before other judges of this Court or courts in other jurisdictions.

9.    <u>Discovery</u>.  The parties anticipate that most, if not all, of the claims and defenses presented herein will be resolved by the Court's review of the Administrative Record and any Supplement to Administrative Record and the order issued thereon.  The parties shall meet and confer within ten days of the date of notice of the entry of the Court's order on the Administrative Record to determine whether any claims remain to be tried and to propose a discovery plan on the unresolved issues, or in the alternative, to stipulate that the Court's Order become the final judgment.

10.    <u>Electronically Stored Information</u>.  The parties do not believe there are or will be any issues concerning electronically stored information.  The Administrative Record and the Supplement to Administrative Record are on file with the Court.

11.    <u>Privilege and Work Product Claims</u>.  The parties do not believe there are or will be any claims concerning privilege or work product.

12.    <u>Pre-Trial Disclosures</u>.  The parties have exchanged initial disclosures.  The Petitioner filed an Administrative Record with the Court on September 7, 2016.  Defendants filed a Supplement to Administrative Record on September 13, 2016.  Pursuant to the Discovery Plan and Scheduling Order, the parties shall meet and confer within ten days of the date of notice of the entry of the Court's

order on the Administrative Record to determine whether any claims remain to be tried and to propose a discovery plan on the unresolved issues, or in the alternative, to stipulate that the Court's Order become the final judgment.

13. <u>Discovery Plan</u>. A Discovery Plan and Scheduling Order was entered by the Court on September 13, 2016.

14. <u>Alternative Dispute Resolution</u>. The parties certify that they have met and conferred about the possibility of using alternative dispute resolution processes, including mediation, arbitration and early neutral evaluation.

15. <u>Alternative Forms of Case Disposition</u>. The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and FRCP 73 and the use of the short trial program (General Order 2013-01). (LR26-1(b)(8)).

16. <u>Jury</u>. Neither party has requested trial by jury.

17. <u>Length of Trial</u>. The parties anticipate that most, if not all of the claims and defenses raised in this action will be resolved by the Court's order on review of the Administrative Record. Pursuant to the Discovery Plan and Scheduling Order, the parties shall meet and confer within ten days of the date of notice of the entry of the Court's order on the Administrative Record to determine whether any claims remain to be tried and to propose a discovery plan on the unresolved issues, or in the alternative, to stipulate that the Court's Order become the final judgment.

18. <u>Settlement Prospects</u>. As this is essentially a judicial review of actions taken by a local governing body denying a special use permit to Petitioners, prospects for settlement appear dim. The parties believe that the Court's order on review of the administrative record will resolve most, if not all, of the issues in the case.

19. <u>Other Matters</u>. None.

///
///
///
///
///

OSHINSKI & FORSBERG, LTD.

By /s/ Rick Oshinski
Rick Oshinski, Esq., NSB 4127
504 E. Musser Street, Suite 302
Carson City, NV 89701
T 775-301-4250
*Counsel for Petitioners*

Dated this 4th day of October, 2016.

THORNDAL, ARMSTRONG, DELK
BALKENBUSH & EISINGER

By _____
Charles L. Burcham, Esq., NSB 2673
6590 S. McCarran Blvd., Ste. B
Reno, NV 89509
T 775-786-2882
*Counsel for Respondents*

Dated this 4th day of October, 2016.

###

| OSHINSKI & FORSBERG, LTD. | THORNDAL, ARMSTRONG, DELK BALKENBUSH & EISINGER |
|---|---|
| By _____<br>Rick Oshinski, Esq., NSB 4127<br>504 E. Musser Street, Suite 302<br>Carson City, NV 89701<br>T 775-301-4250<br>*Counsel for Petitioners* | By  /s/ Charles L. Burcham, Esq.<br>Charles L. Burcham, Esq., NSB 2673<br>6590 S. McCarran Blvd., Ste. B<br>Reno, NV 89509<br>T 775-786-2882<br>*Counsel for Respondents* |
| Dated this 4th day of October, 2016. | Dated this 4th day of October, 2016. |

## ORDER

Paragraph 6, page 4 is amended to reflect any opposition to Petitioners' opening brief for review of the administrative record is due **December 16, 2016**, and any reply brief is due **December 30, 2016**.

IT IS SO ORDERED.

*/s/ William G. Cobb*
_____
UNITED STATES MAGISTRATE JUDGE

DATED: October 13, 2016.

# # #